UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ARNOLDO CANO-FAVELA,                          Civil No. 05-1594 (PAM/JGL)

        Petitioner,

v.                                            **REPORT AND**
                                              **RECOMMENDATION**
UNITED STATES OF AMERICA,

        Respondent.

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's

application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to

this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

For the reasons discussed below, it is recommended that this action be dismissed for lack

of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United

States District Courts.[1]

## I.    BACKGROUND

In 2000, a jury in the United States District Court for the Western District of Michigan

found Petitioner guilty of violating federal drug laws. He was sentenced to 292 months in

federal prison, and he is presently serving his sentence at the Federal Correctional Institution

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits
that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition
and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254
Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to
Title 28 U.S.C. § 2254, they also may be applied to habeas cases brought under Title 28
U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn.
2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989);
Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

in Waseca, Minnesota.

Petitioner's conviction and sentence were affirmed by the Sixth Circuit on direct appeal.  United States v. Cano-Favela, 63 Fed.Appx. 777 (6th Cir. 2003), (unpublished opinion).  Petitioner later filed a motion in the trial court seeking relief from his conviction and sentence under 28 U.S.C. § 2255, but that motion was denied in 2004.  (Petition, [Docket No. 1], pp. 4-5, ¶s 10 and 11.)

Petitioner's present application for habeas corpus relief lists two claims for relief:

(1) that, "[s]ince now the [Sentencing] Guidelines are advisory instead of mandatory," he should be given a new, lower sentence that would be closer to the sentences imposed on other individuals who allegedly committed similar crimes, but received shorter sentences; and

(2) "Now that the Guidelines are advisory," he should be given a new, lower sentence that would be consistent with the Guideline's "Fast-Track Programs," in order to "reduce unwarranted disparity between similar[ly] situated offenders."[2]

---

[2]  A 2004 law review article provides the following description – and criticism – of the so-called "Fast-Track Programs":

"Fast-track programs allow a prosecutor to offer a defendant a reduced sentence in exchange for a pre-indictment guilty plea.  These programs have been used unofficially along the southwest border for several years.  Official recognition of fast-track programs came in 2003, when Congress passed the Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today ("PROTECT") Act, [footnote omitted] which officially sanctioned the use of fast-track programs in limited circumstances.  [Footnote omitted.]  Not all districts are allowed to use these programs; fast-track may only be employed if a district has an exceptional circumstance that warrants the adoption of a fast-track program.  [Footnote omitted.]  In drug and immigration cases, approval likely will be reserved for districts along the southwest border.  [Footnote omitted.]  Implementation of the fast-track program means that sentencing in southwest border districts is guaranteed to be different from

Although Petitioner has not specifically cited <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), both of his claims for relief are obviously based, at least in part, on <u>Booker</u>'s pronouncement that the Federal Sentencing Guidelines are now "advisory," rather than mandatory.

For the reasons discussed below, the Court finds that Petitioner cannot raise his current claims for relief in a § 2241 habeas corpus petition. It will therefore be recommended that this action be dismissed for lack of jurisdiction.

## II.    DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. The fifth paragraph of § 2255 provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

---

sentencing in non-border districts. By creating a situation where the severity of the sentence depends only upon place of arrest, the fast-track program promotes disparity in sentencing. Accordingly, the program contravenes the spirit of the United States Sentencing Guidelines ("Sentencing Guidelines"), which were established to prevent disparity between similarly situated defendants."

Erin T. Middleton, <u>Fast-Track to Disparity: How Federal Sentencing Policies Along the Southwest Border are Undermining the Sentencing Guidelines and Violating Equal Protection</u>, 2004 UTAH L. REV. 827, 827-28.

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003)("[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241"). No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241, (or in any other non-2255 proceeding), unless the Petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same).

In this case, it is readily apparent that Petitioner is challenging the prison sentence he received in his 2000 federal criminal case. He claims that the sentence imposed by the trial court should be set aside, and that he should be given a new, lower sentence. Because Petitioner is directly challenging the sentence he received, the Court finds that his present habeas corpus petition is clearly subject to, and barred by, the § 2255 exclusive remedy rule. Therefore, Petitioner cannot bring his current claims for relief in a § 2241 habeas petition, unless the remedy provided by § 2255 is found to be "inadequate or ineffective to test the legality of his detention."

In some cases, a § 2241 habeas petition that is barred by the exclusive remedy rule can simply be construed to be a motion brought under § 2255. The matter can then be transferred to the trial court so the prisoner's claims can be addressed on the merits there.

4

In this case, however, Petitioner is precluded from seeking relief under § 2255 for two reasons. First, he has already filed a previous § 2255 motion, so he cannot seek relief under § 2255 again without pre-authorization from the Sixth Circuit Court of Appeals, (which he apparently has not sought or received). See 28 U.S.C. § 2255 [¶ 8]; 28 U.S.C. § 2244(b). In addition, he is barred from seeking relief under § 2255 by reason of the one-year statute of limitations that applies to motions brought under that statute. See 28 U.S.C. § 2255 [¶ 6]. Because of these two procedural bars, it would not be appropriate to construe the present habeas corpus petition as a § 2255 motion, and transfer this matter back to the court in which Petitioner was convicted and sentenced.

Moreover, it appears that Petitioner may have deliberately elected to seek relief under the § 2241 habeas corpus statute, based (perhaps) on a belief that the remedy provided by § 2255 is "inadequate or ineffective to test the legality" of his sentence. Petitioner might believe that his current petition is exempt from § 2255's exclusive remedy rule, and that he can challenge his conviction and sentence in a § 2241 habeas corpus proceeding, because he is not presently eligible for relief under § 2255. Such reasoning, however, must be rejected.

The procedural rules that limit the availability of relief under § 2255 would be rendered meaningless if a prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition. Congress could not have intended for the procedural limitations on § 2255 motions to be so easily evaded. Accordingly, the Eighth Circuit Court of Appeals has held that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already

been denied,... or because Petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because Petitioner has allowed the one year statute of limitations and/or grace period to expire." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted) (emphasis added). See also United States ex rel Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1061-62 (8th Cir.) (reaffirming that § 2255 is not rendered inadequate or ineffective by operation of the procedural limitations on § 2255 motions), cert. denied, 537 U.S. 869 (2002); Hill, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition").

     "A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed" after he had his opportunity to seek relief under § 2255.  In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998) (emphasis added). Applying this rule here, it is clear that, at least to the extent that Petitioner's current claims do not rely on Booker, he cannot seek habeas corpus relief under 28 U.S.C. § 2241.  To the extent that Petitioner's claims are not based on Booker, he could have raised them on direct appeal, or in his previous § 2255 motion.  He cannot claim that § 2255 has become "inadequate or ineffective" simply because he previously failed to raise such claims, and he is now procedurally barred from raising them under § 2255.

     The Court fully recognizes, of course, that the Booker decision, which apparently precipitated Petitioner's current application for habeas corpus relief, had not yet been

decided when Petitioner was pursuing his direct appeal, or when he was pursuing his previous § 2255 motion, and thus he could not have previously challenged his sentence, based on Booker, in his direct appeal or in his § 2255 motion.  That does not mean, however, that § 2255 must be viewed as an "inadequate or ineffective remedy" for any of Petitioner's current claims that are based on Booker.

In Perez, supra, the Eighth Circuit Court of Appeals held that federal prisoners cannot bring claims based on the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), (the direct precursor of Booker), in a § 2241 habeas corpus petition, because, even though "a federal prisoner may never ventilate an Apprendi issue in a § 2255 motion," § 2255 is not considered to be an inadequate or ineffective remedy for such claims.  286 F.3d at 1062.  The Court explained its ruling in Perez as follows:

> "[Appellants'] contend § 2255 is inadequate or ineffective because it is the impediment to the relief they seek.  But this is not so.  Their true impediment is Apprendi itself, not the remedy by § 2255 motion.  To be more precise, appellants are hamstrung because the Supreme Court has not yet ruled (and indeed may never rule) that Apprendi applies retroactively to past criminal convictions. Neither... [of the appellants] may raise an Apprendi claim in a second § 2255 motion unless and until Apprendi applies retroactively."

Id. (emphasis added).  The Court later added that –

> "Appellants' attempts to gain relief [under Apprendi] have not been hampered by the § 2255 remedy itself.  Rather, they cannot presently obtain relief because the constitutional doctrine announced in Apprendi has not been made retroactive by the Court."

Id.

The Court's reasoning in Perez is directly applicable to Petitioner's current claims based on Booker.  If Booker had established a new rule of constitutional law, made retroactive

to cases on collateral review, then Petitioner might well be able to raise his <u>Booker</u> claims in a § 2255 motion at this time.  <u>See</u> 28 U.S.C. § 2255 [¶ 8] (authorizing second or successive § 2255 motions based on new constitutional rulings that are retroactively applicable on collateral review); 28 U.S.C. § 2255 [¶ 6(3)] (extending the one-year limitation period for claims that are based on new constitutional rulings that are retroactively applicable on collateral review).  In fact, however, <u>Booker</u> can<u>not</u> be applied retroactively on collateral review.  In <u>Never Misses A Shot v. United States</u>, No. 05-1233 (8th Cir. July 7, 2005), 2005 WL 1569403, (<u>per</u> <u>curiam</u>), the Eighth Circuit held that <u>Booker</u> is <u>not</u> retroactively applicable on collateral review.[3]  The Court specifically stated that "the 'new rule' announced in <u>Booker</u> does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings."  <u>Id</u>. at * 2.[4]

As the Court of Appeals explained in <u>Perez</u>, <u>it is the absence of retroactive applicability – not any deficiency in the remedy provided by § 2255 – that precludes Petitioner from raising his Booker claims in a § 2255 motion</u>.  According to <u>Perez</u>:

_____

[3]  Every other federal appellate court that has considered whether <u>Booker</u> is retroactively applicable on collateral review has also concluded that it is not.  <u>Lloyd v. United States</u>, 407 F.3d 608 (3rd Cir. 2005), <u>Guzman v. United States</u>, 404 F.3d 139 (2nd Cir. 2005); <u>Humphress v. United States</u>, 398 F.3d 855 (6th Cir. 2005); <u>McReynolds v. United States</u>, 397 F.3d 479 (7th Cir. 2005); <u>United States v. Price</u>, 400 F.3d 844 (10th Cir. 2005); <u>Varela v. United States</u>, 400 F.3d 864 (11th Cir. 2005).

[4]  Petitioner's case is clearly distinguishable from <u>United States v. Robinson</u>, No. 04-3044 (8th Cir. July 15, 2005), 2005 WL 1653130 (unpublished opinion), which he has cited in his petition.  In <u>Robinson</u>, the defendant "preserved at sentencing the question of the constitutionality of the federal Sentencing Guidelines," and raised his <u>Booker</u> claim in his <u>direct appeal</u>.  The defendant in <u>Robinson</u> did not attempt to raise his <u>Booker</u> claim for the first time in a <u>collateral proceeding</u>, as Petitioner is attempting to do here.  Therefore, <u>Never Misses A Shot</u> was not applicable in <u>Robinson</u>, but it is directly applicable here.

8

"§ 2255 is not inadequate or ineffective simply because a new constitutional doctrine which could reduce a federal prisoner's existing sentence cannot be applied retroactively...[; but rather it is] the new constitutional doctrine's non-retroactivity... [that] prevents the federal prisoner from correcting his sentence. Of course, that impediment cannot be charged to the § 2255 remedy."

286 F.3d at 1062. Therefore, even though Petitioner's claims are based (at least in part) on Booker, and even though that case was not decided until after he had filed his § 2255 motion, (and more than a year after his conviction and sentence became final on direct appeal), it cannot be said that the remedy provided by § 2255 is "inadequate or ineffective." In other words, "Petitioner cannot claim, even with respect to his... Booker claims, that the remedy provided by § 2255 is 'inadequate or ineffective,'" and that he should therefore be allowed to raise such claims in a § 2241 habeas petition. Tineo v. LeBlanc, Civil No. 05-318 (ADM/SRN) (D.Minn. 2005), 2005 WL 740520 at *2.

## III.    CONCLUSION

In sum, the Court finds that: (1) Petitioner's current application for habeas corpus relief challenges the validity of the prison sentence imposed by the trial court; (2) such challenges can be raised only in a motion for relief under 28 U.S.C. § 2255, unless the remedy provided by that statute is "inadequate or ineffective;" (3) the instant petition cannot be construed as a § 2255 motion, because Petitioner is now procedurally barred from seeking § 2255 relief, (by reason of the restrictions on second or successive § 2255 motions, and the one-year statute of limitations); and (4) Petitioner's present inability to seek relief under § 2255 does not cause the remedy provided by § 2255 to be "inadequate or ineffective" so as to excuse him from § 2255's exclusive remedy rule.

Because the "inadequate or ineffective remedy" exception is not available to Petitioner, (for the reasons discussed in <u>Perez</u>, and reiterated here), his present § 2241 habeas corpus petition challenging his 2000 federal prison sentence cannot be entertained here. See <u>Bauer v. Ashcroft</u>, Civil No. 02-4068 (JRT/FLN) (D.Minn. 2003) (Tunheim, J.), 2003 WL 541692 at *2. The Court will therefore recommend that this action be summarily dismissed for lack of jurisdiction. See <u>DeSimone</u>, 805 F.2d at 323-24 (§ 2241 habeas petition challenging judgment entered in a prior criminal case was properly dismissed for lack of subject matter jurisdiction, where Petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy).

## IV.    RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241 be DISMISSED for lack of jurisdiction.

Dated: August 2, 2005

s/ Jonathan Lebedoff
JONATHAN LEBEDOFF
Chief Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by August 19, 2005. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to

resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.